Harold MCQUEEN, Jr., Appellant,

v.

Honorable Paul E. PATTON, Governor of Commonwealth of Kentucky, Appellee.

No. 97–SC–516–MR.

Supreme Court of Kentucky.

June 27, 1997.

---

## OPINION AND ORDER

Harold McQueen, Jr. appeals from a final judgment of the Franklin Circuit Court dismissing with prejudice for failure to state a claim his complaint for declaratory judgment and injunctive relief to stay his execution now scheduled for July 1, 1997. McQueen argues that the Governor's "official policy" of refusing to grant clemency to any death row inmate violates his rights pursuant to § 77 of Kentucky's Constitution.

In a press release issued with the signing of the execution warrant, Governor Patton stated:

Therefore, it is my policy not to grant clemency in cases where the death penalty has been recommended by the jury and imposed by a circuit court of our state. I will not, through the power of clemency, substitute my judgment for that of the General Assembly, the courts, and the juries of the Commonwealth.

Section 77 of the Kentucky Constitution establishes the authority by which the Governor of this Commonwealth processes requests for reprieves and pardons. Section 77 provides:

> **§ 77. Power of governor to remit fines and forfeitures, grant reprieves and pardons—No power to remit fees.**—He shall have power to remit fines and forfeitures, commute sentences, *grant reprieves and pardons,* except in case of impeachment, *and he shall file with each application therefor a statement of the reasons for his decision thereon, which application and statement shall always be open to public inspection.* In cases of treason, he shall have power to grant reprieves until the end of the next session of the General Assembly, in which the power of pardoning shall be vested; but he shall have no power to remit the fees of the Clerk, Sheriff or Commonwealth's Attorney in penal or criminal cases.

(Emphasis added.)

It is patently clear that there are two basic constitutionally mandated requirements under Section 77:

1) that the movant file an application for clemency with the Governor; and

2) that the Governor file with each application a statement of the reasons for his decision.

As correctly determined by the trial court, McQueen has failed to file any application for clemency with the Governor. We are unpersuaded by McQueen's argument that published statements made by the Governor make this required application a futile gesture. Clearly, the application is the triggering event for action by the Governor; and we will not presume, as does McQueen, that the Governor will refuse to follow the constitutional mandate of § 77 in rendering his decision.

As no controversy exists, the trial court correctly dismissed this complaint for failure to state a claim, and its decision is AFFIRMED.

IT IS HEREBY ORDERED that Appellant's motion for injunctive relief and for a stay of his execution is DENIED.

All concur.

ENTERED: June 27, 1997.

/s/ Robert F. Stephens
Chief Justice