**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 14 1998**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOHN WAYNE DUVALL,

       Plaintiff-Appellant,

    v.

FRANK KEATING, Governor of the
State of Oklahoma, GARY GIBSON,
Warden of the Oklahoma State
Penitentiary,

       Defendants-Appellees.

No. 98-6474

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D. Ct. No. 98-CV-1667-M)**

---

Submitted on the briefs:[*]

K. Leslie Delk, Norman, Oklahoma, for Plaintiff-Appellant.

William Humes, Office of the Attorney General, Oklahoma City, Oklahoma, for
Defendants-Appellees.

---

    [*] We ordered expedited briefing in this case. After examining the briefs and
the appellate record, this three-judge panel has determined unanimously that oral
argument would not be of material assistance in the determination of this appeal.
See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9. The case is therefore ordered
submitted without oral argument.

Before **TACHA**, **BALDOCK**, and **KELLY**, Circuit Judges.

---

**TACHA**, Circuit Judge.

---

Plaintiff-Appellant John Wayne Duvall, a death row prisoner in the state of Oklahoma, appeals the order of the district court denying his request for a temporary restraining order ("TRO") and preliminary injunction and granting judgment in favor of defendants on his claim brought pursuant to 42 U.S.C. § 1983. We affirm the order of the district court and deny plaintiff's motion for a stay pending appeal.

On May 20, 1987, the District Court of Stephens County, Oklahoma, sentenced Mr. Duvall to death after a jury convicted him of first degree murder. The Oklahoma Court of Criminal Appeals affirmed his conviction and death sentence on May 28, 1991. The Supreme Court of the United States denied certiorari. Mr. Duvall has exhausted his appeals for state post-conviction relief, see Duvall v. Ward, 957 P.2d 1190, 1192 (Okla. Crim. App. 1998), and for a writ of habeas corpus in federal court, see Duvall v. Reynolds, 139 F.3d 768, 775, 798 (10th Cir. 1998), cert. denied, 119 S. Ct. 345 (1998). The Oklahoma Court of Criminal Appeals has scheduled his execution for 12:01 a.m. on December 17, 1998.

Mr. Duvall filed an application for clemency with Oklahoma's Pardon and

Parole Board ("Board"). The Board conducted a clemency hearing on November 17, 1998. At the conclusion of the hearing, the Board deadlocked on whether to recommend clemency by a two-two vote, with one member of the five-person Board abstaining due to a conflict of interest. Because Oklahoma's constitution requires a majority vote of the Board to recommend clemency, see Okla. Const. art. VI, § 10, no recommendation of clemency was forwarded to Frank Keating, Governor of the State of Oklahoma, and he has taken no action in regard to Mr. Duvall's request for clemency. Governor Keating reportedly has, however, said on numerous occasions that he will not grant clemency for murderers. Consequently, on December 7, 1998, Mr. Duvall filed a 42 U.S.C. § 1983 action against defendants[1] in the United States District Court for the Western District of Oklahoma, arguing that Governor Keating's statements foreclosed the possibility of clemency, thereby denying appellant's due process right to a clemency proceeding. In addition to declaratory relief, the complaint requests a temporary restraining order and a preliminary and permanent injunction barring his execution "until after Mr. Duvall has been provided a meaningful opportunity to present his plea for clemency in a manner which has not been predetermined by the Governor." Compl. at 7. In addition, Mr. Duvall filed a separate motion for a

---

[1] Although there is a question as to whether Warden Gibson is a proper party in this action, in light of our disposition of this matter, we need not address this issue.

TRO preventing his execution or any preparation for execution pending a ruling on his request for a preliminary injunction. Pursuant to Federal Rule of Civil Procedure 65(a)(2), the district court conducted a consolidated hearing with a trial on the merits on December 10, 1998. That same day, the district court denied Mr. Duvall's request for a TRO and preliminary injunction and granted judgment in favor of defendants on Mr. Duvall's § 1983 claim. Mr. Duvall filed a notice of appeal, and on December 11, 1998, he filed an emergency request for a stay pending appeal.

When reviewing a district court's final judgment following a bench trial, the district court's "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Fed. R. Civ. P. 52(a); accord Salve Regina College v. Russell, 499 U.S. 225, 233 (1991); O'Connor v. R.F. Lafferty & Co., 965 F.2d 893, 901 (10th Cir. 1992). We review the district court's conclusions of law de novo. See, e.g., EEOC v. Wiltel, Inc., 81 F.3d 1508, 1513 (10th Cir. 1996).

Although a prisoner has no constitutional right to a clemency proceeding, a state may provide such a right. See Herrera v. Collins, 506 U.S. 390, 414 (1993) ("[T]he Constitution . . . does not require the States to enact a clemency mechanism."). Oklahoma's constitution creates a right to seek clemency before

the Pardon and Parole Board.  See Okla. Const. art. VI, § 10.  It is the Board's duty to conduct an impartial investigation and study of each applicant for clemency.  See id.  However, the Oklahoma constitution places the ultimate decision whether to grant clemency in the hands of the Governor.  See id.  Even though the Governor's power to grant clemency is discretionary, his power is somewhat circumscribed, for he can only commute a death sentence upon the favorable recommendation of the Pardon and Parole Board.  See id.  This requires a majority vote of the Board in favor of clemency.  See id.

Assuming that this court has jurisdiction to review Mr. Duvall's allegations, see Ohio Adult Parole Auth. v. Woodard, __ U.S. __, 118 S. Ct. 1244, 1249-52 (1998) (plurality opinion) (exercising jurisdiction over and addressing procedural due process claim involving Ohio's clemency process); id. at 1254 (O'Connor, J., concurring) (addressing merits of due process challenge to clemency procedures), we must resolve whether his § 1983 claim involves a violation of his constitutional rights.  Mr. Duvall alleges two constitutional violations: (1) a violation of his right to due process under the Fourteenth Amendment of the United States Constitution and (2) an Eighth Amendment violation.  The Due Process Clause applies when the government deprives a person of life or an established liberty interest.  See U.S. Const. amend. XIV, § 1.  However, in Woodard, the Supreme Court divided with regard to whether a

- 5 -

person has procedural due process rights with respect to a death penalty clemency hearing. The Chief Justice, joined by Justices Kennedy, Scalia, and Thomas, concluded that the Due Process Clause provides no constitutional safeguards as to clemency procedures. Although recognizing that a death row prisoner "maintains a residual life interest, e.g., in not being summarily executed by prison guards," see Woodard 118 S. Ct. at 1250 (plurality opinion), the Chief Justice stated that a death row prisoner cannot use this interest to mount a procedural due process challenge to a clemency determination, see id. In addition, the Chief Justice found that a death row prisoner has "no substantive expectation of clemency" because, under Ohio law, clemency lies within the discretion of the executive. Id. at 1251. Further, the Chief Justice rejected the argument that Evitts v. Lucey, 469 U.S. 387 (1985), creates a "second strand" of procedural due process protection encompassing clemency proceedings in that they are not "an integral part of the . . . system for finally adjudicating the guilt or innocence of a defendant." Id. at 1252 (plurality opinion) (quoting Evitts, 469 U.S. at 393). Justice O'Connor, joined by Justices Breyer, Ginsburg, and Souter, concluded that, because a death row prisoner retains some life interest before execution, "some *minimal* procedural safeguards apply to clemency proceedings," even if the power to grant clemency is solely entrusted to the executive. Id. at 1254 (O'Connor, J., concurring) (emphasis in original). Justice Stevens dissented, arguing that a

prisoner has an interest in life up to the date of his execution, and that the Due

Process Clause therefore applies to all proceedings up to the final execution,

including those involving clemency. See id. at 1255 (Stevens, J., dissenting).

Thus, examining the Court's narrowest majority holding, we assume that some

minimal level of procedural due process applies to clemency proceedings.

Because clemency proceedings involve acts of mercy that are not

constitutionally required, the minimal application of the Due Process Clause only

ensures a death row prisoner that he or she will receive the clemency procedures

explicitly set forth by state law, and that the procedure followed in rendering the

clemency decision will not be wholly arbitrary, capricious or based upon whim,

for example, flipping a coin. See Woodard, 118 S. Ct. at 1254 (O'Connor, J.,

concurring). We underscore that our review is limited to analyzing the

procedures used during the clemency proceedings and not the substantive merits

of the clemency decision. See Connecticut Bd. of Pardons v. Dumschat, 452 U.S.

458, 464 (1981) ("[C]ommutation *decisions* have not traditionally been the

business of courts; as such, they are rarely, if ever, appropriate subjects for

judicial review." (emphasis added)).

As described above, the Oklahoma constitution describes the procedure to

be used in granting clemency. Mr. Duvall fails to show that he was deprived of

any procedure set forth in the Oklahoma constitution, for he was given the

opportunity to and did participate fully in the clemency process. He applied for and was granted a clemency hearing before the Pardon and Parole Board. The Board carefully reviewed his case, but because Mr. Duvall failed to persuade a majority of the Board to vote in favor of clemency, the Board did not forward a recommendation for clemency to the Governor.[2] See Okla. Const. art. VI, § 10. At this point, Mr. Duvall's request for a commutation of his death sentence is final, for the Governor cannot grant clemency in the absence of a favorable recommendation by the Board. See id. Therefore, because the Governor's discretionary power to grant clemency was not invoked, the Governor's position on clemency is irrelevant to this case. In addition, the record is devoid of evidence that the Board was prevented from conducting or failed to conduct an impartial investigation and study of Mr. Duvall's application for clemency, or that it utilized procedures that were arbitrary, capricious or whimsical. Indeed, Mr. Duvall does not challenge the Board's conduct. Therefore, we conclude that Mr. Duvall has suffered no due process violation.

Having determined that Mr. Duvall's right to due process has not been violated, we find no basis for his allegation of an Eighth Amendment violation,

---

[2]Although Mr. Duvall claims that the Oklahoma constitution has no provision to deal with a tie vote by the Board, we find that the constitution clearly contemplates such an event. By its plain language, the constitution requires a majority vote of the Board for a favorable clemency recommendation, meaning more votes in favor than against. That does not occur when there is a tie vote.

for this court has already upheld the constitutionality of Mr. Duvall's death sentence in his federal habeas proceedings. See Duvall v. Reynolds, 139 F.3d 768, 792-94, 798 (10th Cir. 1998). Thus, we find Mr. Duvall's § 1983 claim is without merit.

Finally, "[w]e review a district court's denial of a preliminary injunction for abuse of discretion." Chemical Weapons Working Group, Inc. v. United States Dep't of the Army, 111 F.3d 1485, 1489 (10th Cir. 1997). Additionally, we review the denial of Mr. Duvall's request for a TRO under this same standard. See Ingram v. Ault, 50 F.3d 898, 900 (11th Cir. 1995). We note that denial of a TRO is not generally appealable, see, e.g., Populist Party v. Herschler, 746 F.2d 656, 661 n.2 (10th Cir. 1984), but an exception to this rule applies when an appellant will suffer irreparable harm absent immediate review. See Ingram, 50 F.3d at 900 (reviewing district court's ruling denying TRO to death row inmate who had filed civil rights action). Appellant's impending execution brings this case within the exception. Because we have addressed Mr. Duvall's § 1983 claim and found it without merit, we agree with the district court that he is not entitled to a TRO or preliminary injunction. See Kansas Health Care Assoc., Inc. v. Kansas Dep't of Soc. and Rehabilitation Servs., 31 F.3d 1536, 1542-43 (10th Cir. 1994) (listing the four criteria needed to support the issuance of a TRO or preliminary injunction, including "that there is a substantial likelihood that he

will eventually prevail on the merits"); <u>Lundgrin v. Claytor</u>, 619 F.2d 61, 63 (10th Cir. 1980) (noting that even when person requesting a preliminary injunction has satisfied the other three criteria, he or she must, at a minimum, show that "[he or she] raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberate investigation" (citations omitted)). Therefore, the trial court did not abuse its discretion in denying the TRO and preliminary injunction.

## Conclusion

For the reasons discussed above, we AFFIRM the order of the district court denying Mr. Duvall's request for a TRO and preliminary injunction and granting judgment in favor of defendants. Further, we DENY plaintiff's request for a stay pending appeal.[3]

---

[3] This order has been circulated to the en banc court and the judges of the court have been given an opportunity to call for a poll on en banc review. No such poll was requested. Judge Henry is recused and took no part in the en banc consideration in this case.