**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 7 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ORVAL W. TAYLOR,

      Petitioner-Appellant,

v.

STEVE HARGETT,

      Respondent-Appellee.

No. 99-6102
(D.C. No. 97-CV-642-R)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **HENRY** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

Orval Wayne Taylor, an Oklahoma state prisoner, seeks a certificate of

appealability to appeal the district court's denial of his 28 U.S.C. § 2254 habeas

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

petition. As Taylor has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny a certificate of appealability and dismiss the appeal.

## BACKGROUND

Initially, Taylor was serving his twenty-year sentence at the Dick Conner Correctional Center, where he participated in a work program, earned work-time credits, see Okla. Stat. Ann. tit. 57, § 138, and was eligible for emergency-cap credits, see id., § 573. He was then charged with misconduct for conspiring to introduce illegal contraband into the Center. After disciplinary proceedings, he was transferred to the Oklahoma State Penitentiary, a higher security facility. There, he was not eligible for either work-time or emergency-cap credits.

In his habeas petition, Taylor asserted that the disciplinary proceeding and its consequences violated his due process rights. [1] He also claimed that his parole eligibility was affected because he was not permitted to appear in person before the board. The district court concluded that Taylor had not been deprived of a liberty or property interest and therefore had not demonstrated a due process

---

[1]    Taylor alleged that the disciplinary hearing was deficient because the presiding officer did not make an independent determination that the confidential informants and their statements were reliable.    See Appellant's Br. at 4.

violation. The court dismissed the petition and denied a certificate of appealability. [2]

**DISCUSSION**

There is no independent constitutional liberty interest in a state's good-time credit scheme, see Hewitt v. Helms, 459 U.S. 460, 467 (1983), overruled in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995), or in prison employment, see Ingram v. Papalia, 804 F.2d 595, 596 (10th Cir. 1986). Further, the Oklahoma statutes governing inmate credits do not guarantee that inmates will

---

[2] The Office of the Attorney General of the State of Oklahoma, counsel for the respondent, has submitted a seven-page filing under the signature of Assistant Attorney General Patrick T. Crawley, proclaiming that it will not file a brief in this appeal unless and until Taylor is issued a certificate of appealability. In a habeas corpus proceeding, an appeal does not proceed unless a certificate of appealability is granted. See 28 U.S.C.A. § 2253(c). The briefing order issued by the Clerk of the Court did nothing more than cite to the Federal Rules of Appellate Procedure and did not specifically require the State to file a brief. There are instances, however, in which a respondent's counseled analysis of issues raised in an application for a certificate of appealability may be both helpful to the court and helpful to the respondent's ultimate position.

In this case, we are concerned by the tone of Mr. Crawley's filing. See Notice of Intent to Defer Filing Pending Issuance of a Certificate of Appealability at 5 (referring to "forcing the State into engaging the familiar dillettantic [sic] brush on ill-defined concatenations of frivolous harps"). Attorneys appearing in this court are officers of the court. We would encourage Mr. Crawley to review his possibly caustic and certainly mystifying language in light of this court's past recognition of the time demands on state officials, its current policies, and our mutual obligation to professional respect and responsibility.

receive an opportunity to work, work-time credits, or emergency cap credits.   See

Okla. Stat. Ann. tit. 57, §§ 138, 224, 571-74;   see also Twyman v. Crisp, 584 F.2d

352, 357 (10th Cir. 1978) (stating that Oklahoma law does not create a protected

right to work-time credits).  Thus, no constitutional right is implicated by

Taylor's transfer from an institution offering such opportunities to one that does

not.  See, e.g., Meachum v. Fano, 427 U.S. 215, 229 (1976).  We decline

Taylor's invitation to ignore Supreme Court precedent and overturn settled Tenth

Circuit case law.

Taylor's argument concerning the effect of the transfer on his parole

eligibility is also faulty.  He alleges that inmates at the penitentiary, unlike those

at the Dick Conner Correctional Center, are not permitted to make a personal

appearance before the Pardon and Parole Board and speculates that a lack of

personal contact led to denial of his parole.  "Oklahoma's constitution creates a

right to seek clemency before the Pardon and Parole Board,"      Duvall v. Keating,

162 F.3d 1058, 1060 (10th Cir.),    cert. denied, 119 S. Ct. 633 (1998), but does not

create a liberty interest in obtaining parole,      see Shirley v. Chestnut, 603 F.2d 805,

807 (10th Cir. 1979).  Taylor, who received "jacket review" by the parole board,

was not deprived of any right entitling him to due process protections.

-4-

Taylor's application for a certificate of appealability is DENIED and his

appeal is DISMISSED.


ENTERED FOR THE COURT
PER CURIAM