**Gary ROLL and George B. Harris, Appellants,**

v.

**Mel CARNAHAN, Missouri Governor; Jay Nixon, State Attorney General; Dora Shriro, Director, Missouri State Department of Corrections; Unknown Chairman, Missouri State Department of Probation and Parole, Appellees.**

No. 00–3056.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 28, 2000.

Decided Aug. 29, 2000.

Gary Roll and George B. Harris, Appellants Pro Se.

Stacy Anderson, Jefferson City, Missouri, argued, for Appellees.

Before BOWMAN, FAGG, and LOKEN, Circuit Judges.

PER CURIAM.

Gary Roll, a Missouri prisoner sentenced to die on August 30, 2000, and George Harris, another Missouri death row inmate, filed this pro se civil rights lawsuit to enjoin their executions. The district court decided the lawsuit is frivolous and fails to state a claim on which relief may be granted, and thus dismissed the action under 28 U.S.C. § 1915(e)(2)(B). The district court also denied Roll and Harris's request for temporary restraining orders, preliminary or permanent injunctions, and emergency stays of execution. Roll and Harris now bring this pro se appeal. We address only Roll's appeal and leave Harris's appeal for decision by another panel. We affirm.

In his complaint, Roll alleges the Missouri governor is a current candidate for the United States Senate in the November 2000 election, and one of the campaign issues is the granting of clemency petitions in death penalty cases. Roll alleges the governor is "politically restrained from being full and fair in considering [Roll's] clemency petition," and "there is no way [he] can get a fair consideration for clemency with the governor and the state attorney general . . . using this as a political stone for higher office." Roll also asserts that to execute him in an election year without establishing a board of inquiry under Mo.Rev.Stat. § 552.070 would deny him due process and equal protection and subject him to cruel and unusual punishment. Besides a stay of execution, Roll asks the federal courts to order Missouri to issue written rules for clemency procedures, give him access to the new procedures, and establish a board of inquiry to study the felony murder and death penalty cases over the past eighteen years.

We agree with the district court that the lawsuit fails to state a claim upon which relief may be granted. As the dis-

trict court observed, although some minimal due process protections apply to a state clemency proceeding, *see Ohio Adult Parole Auth. v. Woodard,* 523 U.S. 272, 288–89, 290, 118 S.Ct. 1244, 140 L.Ed.2d 387 (1998), the decision to grant or deny clemency is left to the discretion of the governor, *see* Mo. Const. Art. IV, § 7; Mo.Rev.Stat. § 217.800(1); *id.* § 552.070. Thus, Roll's complaint that the governor will not be objective fails. Unlike the plaintiffs in *Young v. Hayes,* 218 F.3d 850 (8th Cir.2000), Roll does not contend the state has deliberately interfered with his efforts to present evidence to the governor in connection with his clemency application. Instead, Roll wants a board of inquiry to present evidence on his behalf. Appointment of a board of inquiry is also left to the governor's sole discretion, however, so Roll has no due process right to the appointment. Because Roll failed to allege the defendants interfered with his clemency proceedings or denied him minimal due process protections, Roll's lawsuit fails to state a claim upon which relief may be granted. Roll's request for clemency procedures is likewise meritless.

We thus affirm the district court's dismissal of the lawsuit and denial of the relief Roll requested.