Philip Ray **WORKMAN**

v.

Paul **SUMMERS**, et al.

No. 3:01–0290.

United States District Court,
M.D. Tennessee,
Nashville Division.

March 28, 2001.

Cecil Branstetter, James Gerard Stranch, III, George Edward Barrett, Edmund L. Carey, Jr., Nashville, TN, Donald Edward Dawson, Christopher M. Minton, Nashville, TN, for plaintiff.

Paul G. Summers, Joseph F. Whalen, III, Nashville, TN, for defendant.

## ORDER

CAMPBELL, District Judge.

Pending before the Court is Philip Ray Workman's Motion for a Temporary Restraining Order (Docket No. 3). The Court held a hearing on March 28, 2001. For the reasons stated herein, the Motion is DENIED.

### I. CLAIMS

Philip Ray Workman, Plaintiff, has filed this action pursuant to 42 U.S.C. § 1983. On March 27, 2001, Governor Sundquist denied a clemency application from Workman.

Workman argues that the Court should grant his Motion for a Temporary Restraining Order (TRO) to stay his execution pending the final determination of this case on the merits. As grounds for the Motion, Workman argues that "the Tennessee clemency process as applied has denied him the opportunity to establish his innocence." (Workman Memorandum, at p. 2). Workman further argues that the clemency process has denied him "procedural and substantive due process under the Fourteenth Amendment...." *Id.*

Workman, more specifically, alleges the following:

That clemency process has been unconstitutionally tainted by numerous egregious errors including: (1) the use of false testimony against him; (2) the attorney general's triple role in the capital clemency process as prosecutor of Philip Workman, counsel to the Parole Board, and counsel to the Governor; (3) decision making by biased decision makers; and (4) denial of fundamental rights to meaningful and promised notice, to a meaningful opportunity to be heard, and to cross-examination, at a minimum, of at least the newly-offered surprise "scientific" hearsay testimony (which was false and misleading in nature) that was offered against him as purported new "100 percent" proof of his guilt for the first time at the Board "hearing." He further was denied cross-examination of the further apparently fabricated testimony of a former officer who claimed (also falsely) that he personally directed the immediate check of weapons of all officers at the crime scene.

(*Id.* at 3).

Finally, Workman alleges that "clemency provides the only forum for proving his innocence and, therefore, he should have been entitled to nearly impeccable process to prevent a miscarriage of justice, and certainly not the sham proceedings he in fact was provided." *Id.*

Defendants Paul Summers, John Campbell, Ray Maples, Charles Traughber, Bill Dalton, Don Dills, Townsend Anderson, Sheila Swearingen, Larry Hassell, and Ricky Bell have filed a Memorandum (Docket No. 14) in opposition to the Motion. Defendants argue that Workman had no protectable due process rights in the clemency proceedings conducted by the Parole Board. According to Defendants, Tennessee law establishes no specific procedures to control or regulate the

Governor's constitutional authority to grant clemency.

## II. STANDARD FOR GRANTING A TEMPORARY RESTRAINING ORDER

■ In determining whether to issue a TRO pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court is to consider: (1) whether the movant has shown a strong or substantial likelihood of success on the merits; (2) whether irreparable harm will result without an injunction; (3) whether issuance of a preliminary injunction will result in substantial harm to others; and (4) whether the public interest is advanced by the injunction. *Michigan State AFL—CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir.1997).

## III. DISCUSSION

■ The decision whether to grant or deny clemency is a decision for the Governor of Tennessee. The decision of the Governor to grant or deny clemency is not reviewable by this Court. This Court's review is limited to analyzing the procedures used during the clemency proceedings and not the substantive merits of that decision. *See Duvall v. Keating*, 162 F.3d 1058, 1061 (10th Cir.1998).

■ As the Sixth Circuit has already noted in this case, the Court's review is to see that there are some minimal procedural safeguards. It is not the duty of the Court to determine the quality of the evidence considered by the Governor or his board. *In re Philip Workman*, Case No. 00–5367, Order entered March 23, 2001, p. 5.[1] The issue here is not whether Workman is entitled to a new trial. The issue presented to this Court is whether Workman has met his burden of demonstrating that the Court should issue a TRO staying

his execution because the clemency proceeding did not comply with the Constitution.

In *Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 118 S.Ct. 1244, 140 L.Ed.2d 387 (1998), the Supreme Court divided on whether a person has procedural due process rights with respect to a death penalty clemency hearing. The Chief Justice, joined by Justices Kennedy, Scalia and Thomas, concluded that the Due Process Clause provides no constitutional safeguards as to clemency proceedings. *Id.*, 118 S.Ct. at 1249–50. Justice O'Connor, joined by Justices Breyer, Ginsburg and Souter, concluded that some *minimal* procedural safeguards apply to clemency proceedings. *Id.* at 1254. In dissent, Justice Stevens argued that the Due Process Clause applies to all proceedings up to the inmate's final execution, including those involving clemency. *Id.* at 1255.

■ Thus, the Court's narrowest majority holding is that some minimal level of procedural due process applies to clemency proceedings. *See also Duvall*, 162 F.3d at 1061. Although some minimal due process protections apply to the clemency proceeding, the decision to grant or deny clemency is left to the discretion of the Governor. *See, e.g., Roll v. Carnahan*, 225 F.3d 1016, 1018 (8th Cir.2000).

Justice O'Connor, in *Woodard*, described the minimal due process safeguards required as follows: "Judicial intervention might, for example, be warranted in the face of a scheme whereby a state official flipped a coin to determine whether to grant clemency, or in a case where the State arbitrarily denied a prisoner any access to its clemency process." *Woodard*, 118 S.Ct. at 1254. This low threshold of

---

1. In an Order dated March 28, 2001, the Sixth Circuit denied Workman's petition for a rehearing of this Order.

judicial reviewability is based on the fact that pardon and commutation decisions are not traditionally the business of courts and that they are subject to the ultimate discretion of the executive power. *Id.*

As the Sixth Circuit noted in this case, death row inmates have no constitutional right to clemency proceedings. *Workman, supra,* p. 4. The Tennessee Governor has the power to pardon and to grant reprieves and commutations in all criminal cases except impeachment. *Id.;* Tenn. Const. art. III, § 6; Tenn.Code Ann. § 40–27–101. The Tennessee Board of Pardons and Paroles makes, "upon the request of the governor, ... nonbinding recommendations concerning all requests for pardons, reprieves or commutations." Tenn.Code Ann. § 40–28–104(a)(10) (*cited in Workman, supra,* at p. 4). However, the federal courts "do not sit as super appeals courts over state commutation proceedings." *Id.* Ultimately, clemency is a decision for the Governor, not the courts.

Applying the above standards, the Court finds that Workman has not carried his burden for the issuance of a TRO. Specifically, Workman has not shown a strong or substantial likelihood of success on the merits.[2]

Workman has not shown that he was arbitrarily denied access to the clemency process or subjected to a "flip of the coin" determination. *Woodard,* 118 S.Ct. at 1254. Neither has he shown that the procedure followed in rendering the clemency decision was "wholly arbitrary, capricious or based upon whim." *Duvall,* 162 F.3d at 1061 (citing *Woodard,* 118 S.Ct. at 1254). No Court has required the level of due process requested by Workman for clemency proceedings. Workman has not

---

2. The Court finds that the remaining criteria for a TRO weigh in favor of Workman, due to

shown he is entitled to the "nearly impeccable process" he requests.

Viewing the facts in the light most favorable to Workman, certain Defendants have not engaged in model conduct. However, Workman has received the minimal due process required for a clemency proceeding. Accordingly, the Motion is DENIED.

IT IS SO ORDERED.

the imminent execution.