**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 31 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

KODI A. THOMAS,

    Plaintiff-Appellant,

v.

(FNU) CARSON, 1st Sergeant; (FNU)
SOUKUP, Colonel; (FNU) JONES,
Colonel; AL HUNGERFORD, Unit
Team Manager; and (FNU)
VANMOOSE, Unit Team Counselor,

    Defendants-Appellees.

No. 01-3276

(D.C. No. 00-CV-3259-GTV)

(D. Kansas)

---

**ORDER AND JUDGMENT***

---

Before **SEYMOUR** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

---

After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

This is a pro se state prisoner 42 U.S.C. § 1983 civil rights appeal. Mr.

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Thomas seeks damages and injunctive relief on his claim that prison officials are not adequately protecting him or his family from harm. The district court denied Mr. Thomas's motion for a temporary restraining order or preliminary injunction for failure to show that he is facing actual and imminent harm. The district court dismissed Mr. Thomas's complaint for failure to exhaust administrative remedies, noting that Mr. Thomas did not have standing to raise the issue of failure to protect his family. Mr. Thomas appealed to this court.

Mr. Thomas's constitutional claims require him to exhaust available administrative remedies. See Booth v. Churner, 532 U.S. 731 (2001). We agree with the district court that, since Mr. Thomas failed to pursue his grievances to the Secretary of the Kansas Department of Corrections, he failed to exhaust available administrative remedies. Therefore, his complaint must be dismissed.[1]

We review a district court's denial of a preliminary injunction for an abuse of discretion. Duvall v. Keating, 162 F.3d 1058, 1062 (1998). Mr. Thomas's request for a temporary restraining order or preliminary injunction requires him to show that four conditions are met: (1) irreparable harm to Mr. Thomas if the injunction is not granted; (2) a substantial likelihood that he will prevail on the merits; (3) threatened injury to Mr. Thomas outweighs possible harm to the

---

[1] We are in receipt of Mr. Thomas' "Affadavit for Safety II." Mr. Thomas is still required to exhaust available administrative remedies before pursing his claims in federal court.

opposing party if the injunction is granted; and (4) that the injunction would not be contrary to the public interest. ACLU v. Johnson, 194 F.3d 1149, 1155 (1999). As evidenced above by our denial of Mr. Thomas's appeal, Mr. Thomas has not made the requisite showing that he is likely to succeed on the merits of his constitutional claims. Therefore, we cannot say that the district court abused its discretion in denying Mr. Thomas's motion.

After a thorough review of the briefs and the record, and for substantially the same reasons set forth in the district court's well-reasoned July 26, 2001 Order, we hold that no relief is available to Mr. Thomas.

Appellant's complaint is DISMISSED. Appellant's motion for a temporary restraining order or preliminary injunction is DENIED.

We remind Appellant that because his motion to proceed in forma pauperis on appeal was granted, he must continue making partial payments on court fees and costs previously assessed until such have been paid in full.

Entered for the Court


Monroe G. McKay
Circuit Judge