Philip R. WORKMAN, Plaintiff–
Appellant,

v.

Paul SUMMERS; John Campbell; Charles Traughber; Ray Maples; Bill Dalton; Don Dills; Townsend Anderson; Sheila Swearingen; Larry Hassell; Ricky Bell; John Does 1–100, Defendants–Appellees.

No. 01–6421.

United States Court of Appeals,
Sixth Circuit.

Aug. 31, 2004.

Cecil Dewey Branstetter, Jr., James G. Stranch, III, Branstetter, Kilgore, Stranch & Jennings, Nashville, TN, for Plaintiff–Appellant.

Paul R. Bottei, Federal Public Defender's Office, Christopher M. Minton, Office of the Post Conviction Defender, Stephanie R. Reevers, Asst. Attorney Gen., Office of the Attorney General, Nashville, TN, for Defendants–Appellees.

Before RYAN, SILER, and COLE, Circuit Judges.

### ORDER

Philip R. Workman, a Tennessee prisoner under a death sentence, appeals from a district court judgment dismissing as meritless his civil rights action filed under 42 U.S.C. § 1983. Upon examination, this panel unanimously concludes that oral argument is not needed. Fed. R.App. P. 34(a)(2).

In 1982, a Tennessee jury convicted Workman of first-degree murder and sentenced him to death. After an unsuccessful direct appeal and post-conviction proceedings in the Tennessee courts, Workman filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district court denied the petition as meritless, and this court affirmed that

decision. *Workman v. Bell*, 178 F.3d 759 (6th Cir.1998). Workman then petitioned this court to file a second § 2254 petition or to recall its mandate and reconsider the denial of his first § 2254 petition. This court initially denied his petition; upon rehearing en banc, the court's initial order remained in effect after the court equally divided on the resolution of Workman's claims. *Workman v. Bell*, 227 F.3d 331 (6th Cir.2000).

Following this court's denial of Workman's motion to file a successive § 2254 petition, Workman moved this court to reopen his prior appeal and appoint a special master. Workman argued that the state had committed fraud upon the court, and he alleged that: 1) the Tennessee Attorney General improperly held meetings with the Tennessee Board of Probation and Parole (TBPP) designed to secure his execution; 2) the TBPP was hostile to his witnesses during the clemency proceedings; 3) the State presented fabricated evidence during the clemency proceedings; and 4) a retired police officer falsely testified during the clemency proceedings. This court denied Workman's motions. *Workman v. Bell*, 245 F.3d 849 (6th Cir.2001).

In March 2001, Workman returned to the district court and filed his § 1983 complaint, alleging that: 1) the defendants fabricated and presented false evidence during his state clemency proceedings; 2) the Tennessee Attorney General improperly advised the TBPP concerning his clemency request while simultaneously preparing the case against commuting Workman's sentence; 3) Workman was entitled to heightened protections under the Eighth Amendment because he presented evidence of his innocence; and 4) the defendants conspired to deprive him of a fair clemency hearing in violation of 42 U.S.C. § 1985(3). The district court denied Workman's motion for a temporary

restraining order, *Workman v. Summers,* 136 F.Supp.2d 896 (M.D.Tenn.2001), and this court affirmed that decision. *Workman v. Summers,* 8 Fed.Appx. 371 (6th Cir. Mar.29, 2001). The district court subsequently granted the defendants' motion to dismiss the complaint for failure to state a claim. *Workman v. Summers,* No. 3:01–0290, 2001 WL 1782877 (M.D.Tenn. Oct.31, 2001). Workman has filed a timely appeal from this decision.

■ Upon review, we conclude that the district court properly dismissed Workman's complaint for failure to state a claim. This court reviews de novo a district court's dismissal of a case for failure to state a claim. *Arrow v. Fed. Reserve Bank,* 358 F.3d 392, 393 (6th Cir.2004). The court must construe the complaint in the light most favorable to the plaintiff, accept his factual allegations as true, and determine whether he can prove any set of facts in support of his claims that would entitle him to relief. *Id.*

Even if this court accepts Workman's factual allegations as true, they are not sufficient to entitle him to relief. Death row inmates have no constitutional right to clemency proceedings, *Herrera v. Collins,* 506 U.S. 390, 414, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993); *Workman,* 245 F.3d at 852, or the commutation of a sentence, *Ohio Adult Parole Auth. v. Woodard,* 523 U.S. 272, 280, 118 S.Ct. 1244, 140 L.Ed.2d 387 (1998) (plurality opinion); *Connecticut Bd. of Pardons v. Dumschat,* 452 U.S. 458, 464, 101 S.Ct. 2460, 69 L.Ed.2d 158 (1981), and pardon and commutation decisions are rarely appropriate subjects for judicial review. *Woodard,* 523 U.S. at 280, 118 S.Ct. 1244; *Dumschat,* 452 U.S. at 464, 101 S.Ct. 2460; *Workman,* 245 F.3d at 852. While the federal courts do not act as a "super appeals court" over state commutation proceedings, *Workman,* 245 F.3d at 852, some minimal procedural safeguards do apply to clemency proceedings regardless of whether the power to grant clemency is solely entrusted to the executive. *Woodard,* 523 U.S. at 289, 118 S.Ct. 1244 (O'Connor, J., concurring with three other Justices); *Workman,* 245 F.3d at 852. For example, judicial intervention could be necessary if a state official flips a coin to determine whether to grant the prisoner clemency or if the state arbitrarily denies the prisoner access to its clemency process. *Woodard,* 523 U.S. at 289, 118 S.Ct. 1244 (O'Connor, J., concurring with three other Justices); *Workman,* 245 F.3d at 852. The federal court is not authorized to review the substantive merits of the state clemency proceeding or the quality of the evidence considered during those proceedings, and the court's review is limited to determining whether some minimal procedural safeguards existed. *Workman,* 245 F.3d at 852–53.

This court has already rejected most of Workman's arguments. For his first two claims, Workman argues that the defendants fabricated and presented false evidence during his state clemency proceedings and that the Tennessee Attorney General improperly advised the TBPP concerning his clemency request. Workman previously raised these same arguments in his motions to reopen and appoint a special master, and this court rejected the arguments as an insufficient basis to review the state clemency proceedings. *Id.* at 852. Although the Tennessee Governor has denied Workman's request for clemency since this court's prior decision, the Governor's action in adopting the TBPP's recommendation and denying clemency does not affect Workman's claims regarding the TBPP's review of his clemency request and does not alter this court's previous conclusion that his claims are meritless.

■ Workman also argues that, under the Eighth Amendment, he is entitled to heightened protections and review of

the state clemency proceedings than is provided under the Fourteenth Amendment's Due Process Clause. However, the plurality opinion in *Woodard* has rejected this argument. 523 U.S. at 279–81, 118 S.Ct. 1244. Lastly, Workman argues that he is entitled to relief under § 1985(3) because the defendant conspired to violate his constitutional rights. Since § 1985(3) is only a remedial statute and establishes no substantive rights, *see Volunteer Med. Clinic, Inc. v. Operation Rescue*, 948 F.2d 218, 226 (6th Cir.1991), Workman's argument is without merit as he has not established a violation of any substantive right.

Accordingly, this court affirms the district court's judgment.