**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 8, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LORILLARD TOBACCO
COMPANY, a Delaware corporation,

　　　　Plaintiff-Appellant,

　v.

ISAAC G. ENGIDA, doing business as
I and G Liquors,

　　　　Defendant-Appellee.

No. 06-1115
(D.C. No. 06-cv-225-LTB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, **McKAY**, and **BRORBY**, Circuit Judges.

---

Representatives of Lorillard Tobacco Company, the manufacturer of

Newport® cigarettes, acquired two packages of counterfeit Newport® cigarettes

from I and G Liquors, defendant Isaac G. Engida's business. Lorillard filed a

complaint against I and G for violations of the Lanham Act, 15 U.S.C. §§ 1114

---

[*]　　　After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and 1125, and sought an ex parte seizure order and a temporary restraining order (TRO). The district court granted Lorillard's requests. Upon executing the seizure order, however, Lorillard's representatives found no Newport® cigarettes, either genuine or counterfeit, on I and G's premises. In addition to about twenty packages of non-Lorillard-brand cigarettes, the search did yield some records showing I and G may have purchased some cigarettes from an unknown source. At a hearing on February 24, 2006, the district court held that Lorillard had not made a sufficient showing for continued injunctive relief and dissolved the TRO. Lorillard appeals.

## **Jurisdiction**

I and G contends that this court does not have jurisdiction because the district court never actually denied Lorillard a preliminary injunction. Instead, I and G argues, the district court only dissolved the TRO it previously had entered. This court may hear an interlocutory appeal of the denial of preliminary injunctive relief, but it generally does not have jurisdiction over an interlocutory appeal of the dissolution of a TRO. *See* 28 U.S.C. § 1292(a)(1); *Office of Pers. Mgmt. v. Am. Fed'n of Gov't Employees*, 473 U.S. 1301, 1303-05 (1985); *Duvall v. Keating*, 162 F.3d 1058, 1062 (10th Cir. 1998).

Having reviewed the record, we find that during the February 24 hearing, the district court not only dissolved the TRO, but also denied preliminary injunctive relief. *See* Aplt. App. at 107 (district court stating to Lorillard, "you're

asking for a preliminary injunction at this point"); 108 (district court stating, "you want me to continue this extraordinary relief by way of a preliminary injunction"); 109 (district court stating that Lorillard had shown cause why a preliminary injunction should not be entered); *id.* (district court stating, "I'm not going to place the imprimatur of the federal government and the United States judiciary on a preliminary injunction, and I'm going to dissolve the temporary restraining order."). Whether the district court's comments are construed as an express denial of Lorillard's motion for preliminary injunctive relief or as having the "practical effect" of denying injunctive relief, we find that we have jurisdiction over this interlocutory appeal under 28 U.S.C. § 1292(a)(1). *See Forest Guardians v. Babbitt*, 174 F.3d 1178, 1184-85 (10th Cir. 1999).

## Analysis

We review the district court's denial of a preliminary injunction for abuse of discretion. *Davis v. Mineta*, 302 F.3d 1104, 1110-11 (10th Cir. 2002). "A district court abuses its discretion where it commits a legal error or relies on clearly erroneous factual findings, or where there is no rational basis in the evidence for its ruling." *Id.* at 1111 (internal citation omitted). "When reviewing for an abuse of discretion, the district court's decision is overturned only if it is arbitrary, capricious, whimsical, or manifestly unreasonable." *Pac. Frontier v. Pleasant Grove City*, 414 F.3d 1221, 1231 (10th Cir. 2005) (quotation omitted).

-3-

Under the Lanham Act, a court may grant an injunction "according to the principles of equity and upon such terms as the court may deem reasonable." 15 U.S.C. § 1116(a). A party seeking injunctive relief must establish four factors:

> (1) it will suffer irreparable harm if the injunction is not granted, (2) its threatened injury outweighs the harm caused to the opposing party as a result of the injunction, (3) the injunction is not adverse to the public interest, and (4) it has a substantial likelihood of success on the merits of the case.

*Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004). "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Id.* at 1261 (quotation omitted).

It appears the district court doubted the strength of Lorillard's case and did not believe that Lorillard showed it would suffer irreparable harm in the absence of an injunction. *See* Aplt. App. at 106 (noting that the origin of one of the cigarette packages was in question, so the dispute came down to perhaps one package of cigarettes); *id.* at 107 (Lorillard's counsel stating his understanding that Mr. Engida indicated he had no intention of selling cigarettes, and the court responding, "[i]f he has no intention of selling cigarettes, why do I need continued injunctive relief?"); *id.* at 108 (court stating, "what you're after, and it was pretty apparent at the outset, is you want to utilize Mr. Engida on the basis of two packages of cigarettes as the bottom of the food chain"); *id.* at 109 ("I need

something more substantial than two packages of cigarettes for a TRO – I granted the TRO anticipating that this raid under the auspices of the Marshals Service, United States Marshals Service, would find substantial or at least significant evidence that this man, Mr. Engida, is in violation of the Lanham Act."); *id.* at 112 (court stating, "I think plaintiff's counsel better consider seriously continuing this case. Perhaps you ought to find a better small fish."). It also appears the district court was concerned that the harm a preliminary injunction would cause I and G outweighed any harm to Lorillard in the absence of an injunction. *See id.* at 108 (court stating, "He's a businessman, small business."); *id.* (court stating, "where a marshal under order of this Court virtually conducts a raid on this man's business, and you find nothing, except some questions about a paper trail, and on this you want me to continue this extraordinary relief . . . ?"); *id.* at 109 (court stating, "[t]he most reasonable inference that I can make, and I don't even really need to hear from Mr. Enigda, is that he happened to accidentally come into possession in his business of two packages of – purported trademark violations of two packages of cigarettes. And you want to bring the full force and authority of the United States government and the federal judicial system down on this man's head. I'm not going to do it.").

In light of the record before it, the district court did not abuse its discretion in denying Lorillard preliminary injunctive relief. "In defining the contours of irreparable harm, case law indicates that the injury must be both certain and great,

and that it must not be merely serious or substantial." *Dominion Video Satellite*, 356 F.3d at 1262 (quotation omitted). The record does not necessarily establish that Lorillard would suffer certain and great harm in the absence of an injunction. Unlike the Sixth Circuit case on which Lorillard relies, *see Lorillard Tobacco Co. v. Amouri's Grand Foods, Inc.*, 453 F.3d 377, 379 (6th Cir. 2006), the raid on I and G's premises did not reveal any evidence of additional counterfeit Newport® cigarettes, undermining the likelihood of future injury to Lorillard.

Lorillard argues that a prima facie case of trademark infringement establishes irreparable harm, per se. This court has stated, "[i]rreparable injury is frequently presumed where a trademark is wrongfully appropriated by another." *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1100-01 (10th Cir. 1991), *overruled on other grounds by O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004) (en banc). In response, I and G contends that the Supreme Court recently disapproved the use of categorical rules in connection with injunctive relief in intellectual property actions. *See eBay, Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837, 1840-41 (2006).

Notably, the Sixth Circuit did not discuss *eBay* in awarding relief in *Amouri's Grand Foods*. We need not consider how *eBay* may apply in this context, however, because in any event Lorillard has not shown that any harm Lorillard would suffer in the absence of an injunction outweighed the potential harm to I and G if an injunction were granted. As stated above, the raid did not

indicate a substantial likelihood that I and G had or would sell any additional counterfeit Newport® cigarettes. Lorillard argues I and G would not be harmed from being barred from selling counterfeit cigarettes, since doing so is illegal anyway. As I and G points out, however, the counterfeit packages are so similar to genuine packages that an injunction would probably require it to stop selling *any* Newport® cigarettes while the suit was pending, for fear that it would inadvertently violate the injunction. Further, the district court did not clearly err in taking account of I and G's status as a small business. All of these factors indicate that an injunction would weigh much more heavily on I and G than the lack of one would affect Lorillard.

Under the circumstances, the district court's decision to deny preliminary injunctive relief was not arbitrary, capricious, whimsical, or manifestly unreasonable. Thus, the district court did not abuse its discretion, and the judgment of the district court is AFFIRMED.

Entered for the Court

Wade Brorby
Circuit Judge