**Ralph BAZE, Appellant,**

**v.**

**Ladonna THOMPSON, Commissioner Department of Corrections, Appellee.**

**No. 2009–SC–000188–MR.**

Supreme Court of Kentucky.

Jan. 21, 2010.

David Michael Barron, Department of Public Advocacy, Frankfort, KY, Dennis James Burke, Assistant Public Advocate, Department of Public Advocacy, La-Grange, KY, Counsel for Appellant.

Jack Conway, Attorney General, David Wayne Barr, Assistant Attorney General, Office of Criminal Appeals, James Hays Lawson, Assistant Attorney General, Office of the Attorney General, Office of Criminal Appeals, William Robert Long, Jr., Assistant Attorney General, Criminal Appellate Division, Frankfort, KY, Counsel for Appellee.

Opinion of the Court by Justice CUNNINGHAM.

Appellant, Ralph Baze, appeals an order of the Franklin Circuit Court denying his petition for declaratory judgment. Baze, a death row inmate, was convicted of the double murder of two police officers. The conviction and sentence were affirmed by this Court. *Baze v. Commonwealth,* 965 S.W.2d 817 (Ky.1997). *See also Baze v. Commonwealth,* 23 S.W.3d 619 (Ky.2000); *Baze v. Commonwealth,* Nos. 2005–SC–0415–MR and 2005–SC–0420–MR, 2006 WL 1360188 (Ky. May 18, 2006); *Baze v. Commonwealth,* No.2005–SC–0889–MR, 2006 WL 1360281 (Ky. May 18, 2006); *Baze v. Commonwealth,* 276 S.W.3d 761 (Ky.2008). In the present action, Baze argues that he has been denied due process of law by the Department of Corrections in the preparation of his petition for clemency.

Counsel for Baze contacted the Department of Corrections requesting permission to interview guards, the death row unit administrator, and death-sentenced inmates at the Kentucky State Penitentiary where Baze is housed. The purpose of the request was to develop information pertaining to Baze's mental health that could potentially be used in a clemency petition. The request was denied.

Baze filed a complaint pursuant to CR 57, CR 65.01 and KRS 418.040 seeking a declaratory judgment that his constitutional rights to due process had been violated. He also sought an injunction requiring the Department of Corrections to allow his counsel access to the identified persons. The Franklin Circuit Court denied the mo-

tion. Accepting Baze's contention that he is being denied access to the identified inmates and prison employees, the trial court nonetheless determined that principles of due process do not apply to clemency proceedings, as it is a purely executive function.

■ At the outset, we reject the contention of the Appellee, Department of Corrections, that Baze's claim is not ripe because he has not yet filed a clemency petition. The present circumstances are not analogous to those in *McQueen v. Patton*, 948 S.W.2d 418 (Ky.1997), wherein a condemned inmate argued that the Governor's official policy of refusing to grant clemency to any death row inmate violated his rights pursuant to Section 77 of the Kentucky Constitution. This Court determined that a clemency application is "the triggering event for action by the Governor." Because no application had yet been filed, it could not be presumed in advance that the Governor would disregard his duties pursuant to Section 77.

Where McQueen argued that his rights pursuant to Section 77 had been violated, Baze argues that his due process rights have been violated. The supposed constitutional violation has already been completed and does not depend on the actual filing of a clemency petition. Accordingly, Baze has presented an "actual controversy" within the meaning of KRS 418.040 and the claim is ripe.

■ Turning to the merits of Baze's petition, we first consider whether an inmate is afforded due process rights in the preparation of a clemency petition. Baze relies heavily on the decision of the U.S. Supreme Court in *Ohio Adult Parole Authority v. Woodard*, 523 U.S. 272, 118 S.Ct. 1244, 140 L.Ed.2d 387 (1998). In *Woodard*, a death row inmate alleged that Ohio's clemency process violated his due process rights because it provided for a voluntary inmate interview before the Parole Board without the benefit of counsel or a grant of immunity. In a plurality opinion, the Court reaffirmed a prior holding that "pardon and commutation decisions have not traditionally been the business of courts; as such, they are rarely, if ever, appropriate subjects for judicial review." *Woodard*, 523 U.S. at 276, 118 S.Ct. 1244 (citing *Connecticut Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464, 101 S.Ct. 2460, 69 L.Ed.2d 158 (1981)). While the Court agreed that a clemency *decision* is not subject to judicial review, it was divided as to whether any level of due process attaches to the clemency *procedure*.

Chief Justice Rehnquist, writing for Justices Kennedy, Scalia and Thomas, concluded that the due process clause provides no constitutional safeguards with respect to clemency proceedings. 523 U.S. at 281, 118 S.Ct. 1244. Justice O'Connor concurred in part and concurred in the judgment, joined by Justices Souter, Ginsburg and Breyer, and concluded that some minimal procedural safeguards apply to clemency proceedings: "Judicial intervention might, for example, be warranted in the face of a scheme whereby a state official flipped a coin to determine whether to grant clemency, or in a case where the State arbitrarily denied a prisoner any access to its clemency process." 523 U.S. at 289, 118 S.Ct. 1244. Justice Stevens dissented and argued that the due process clause applies to all proceedings up to execution, including clemency. 523 U.S at 294–95, 118 S.Ct. 1244.

■ Thus, accepting the Court's narrowest majority holding, some minimal level of procedural due process applies to clemency proceedings. *Accord Duvall v. Keating*, 162 F.3d 1058, 1061 (10th Cir. 1998); *Young v. Hayes*, 218 F.3d 850, 852–

53 (8th Cir.2000); *Workman v. Summers,* 136 F.Supp.2d 896, 898 (M.D.Tenn.2001). This minimal application requires only that a death row prisoner receive the clemency procedures explicitly set forth by state law. *See Allen v. Hickman,* 407 F.Supp.2d 1098, 1103–104 (N.D.Cal.2005) ("Clemency proceedings satisfy the Due Process Clause as long as the State follows the procedures set out in State law, the State does not arbitrarily deny the prisoner all access to the clemency process, and the clemency decision is not wholly arbitrary or capricious.").

In Kentucky, however, "no [clemency] procedures are even arguably mandated." *In re Sapp,* 118 F.3d 460, 465 (6th Cir.1997) *(abrogated on other grounds by Cooey v. Strickland,* 479 F.3d 412 (6th Cir.2007)). Section 77 of the Kentucky Constitution grants the Governor the power to "remit fines and forfeitures, commute sentences, grant reprieves and pardons." There exist only two constitutionally mandated requirements under Section 77: that the movant file an application for clemency with the Governor; and that the Governor file with each application a statement of the reasons for his decision. *See McQueen,* 948 S.W.2d at 419. No other constitutional provision or statute establishes specific procedures to be followed or imposes standards or criteria for the clemency decision. In short, the decision to grant clemency is left to the unfettered discretion of the Governor.

Thus, applying the minimal level of procedural due process required by *Woodard,* Baze has failed to show that he has not received the clemency procedures explicitly set forth by Kentucky law. He does not allege that he has been denied the right to file an application. As no Kentucky statute or constitutional provision creates a right to present a certain type of information in a clemency petition, the minimal protections afforded by the due process clause in this context simply do not encompass the type of relief Baze requests.

For the foregoing reasons, the judgment of the Franklin Circuit Court is affirmed.

All sitting. All concur.