RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0048P (6th Cir.)
File Name: 04a0048p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

MARY ARROW,
    *Plaintiff-Appellant,*

    *v.*      No. 03-5270

FEDERAL RESERVE BANK OF
ST. LOUIS,
    *Defendant-Appellee.*

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 02-00662—John G. Heyburn, II, Chief District Judge.

Submitted: December 4, 2003

Decided and Filed: February 13, 2004

Before: KENNEDY, MARTIN, and MOORE, Circuit
Judges.

_____

## COUNSEL

**ON BRIEF:** Scott C. Wilhoit, CLARK & WARD,
Louisville, Kentucky, for Appellant. Thomas C. Fenton,
MORGAN & POTTINGER, Louisville, Kentucky, for
Appellee.

_____

## OPINION

_____

BOYCE F. MARTIN, JR., Circuit Judge. Mary Arrow
appeals from the order of the district court granting the
Federal Reserve Bank of St. Louis's motion to dismiss her
complaint for failure to state a claim pursuant to Federal Rule
of Civil Procedure 12(b)(6). The parties have agreed to waive
oral argument, and upon examination, this panel unanimously
agrees that oral argument is not needed. FED. R. APP. P.
34(a).

On October 1, 2002, Arrow filed a complaint in the
Jefferson Circuit Court in Louisville, Kentucky, against her
employer, the Louisville Branch of the Federal Reserve Bank
of St. Louis. The complaint alleged that the Bank had
engaged in gender and disability discrimination and that it
had retaliated against Arrow for filing a disability benefits
claim in violation of Kentucky law. For her injuries, Arrow
sought monetary damages, declaratory judgment and
injunctive relief. The Bank removed the case to the district
court pursuant to 28 U.S.C. § 1331 and section 25B of the
Federal Reserve Act of 1913, 12 U.S.C. § 632. Upon
removal, the Bank filed a motion to dismiss the complaint for
failure to state a claim upon which relief could be granted.
The district court granted the Bank's motion. This timely
appeal followed.

This court reviews de novo a district court's dismissal of a
complaint pursuant to Federal Rule of Civil Procedure
12(b)(6). *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998);
*Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.
1996). In order to survive a motion to dismiss, the plaintiff's
complaint must allege facts, which if proved, would entitle
the claimant to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46
(1957); *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d

434, 436 (6th Cir. 1988). The reviewing court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true and determine whether the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Sistrunk*, 99 F.3d at 197.

Upon review, we conclude that the district court properly dismissed Arrow's complaint because the Federal Reserve Act preempts her state law claims. Federal Reserve Banks were created pursuant to Section 4 of the Federal Reserve Act, 12 U.S.C. § 341. The Act grants the power:

To appoint by its board of directors a president, vice presidents, and such officers and employees as are not otherwise provided for in this chapter, to define their duties, require bonds for them and fix the penalty thereof, and *to dismiss at pleasure such officers or employees.*

12 U.S.C. § 341, Fifth (emphasis added). We conclude that this language applies to preempt state employment rights.

Our conclusion is controlled by our decision in *Ana Leon T. v. Federal Reserve Bank of Chicago*, 823 F.2d 928 (6th Cir. 1987). In *Leon*, a Columbian employee of the Federal Reserve Bank of Chicago brought a lawsuit alleging violations of Title VII and Michigan's Elliott-Larsen Act. *Id.* Leon alleged that her dismissal was discriminatory on the basis of national origin. *Id.* With respect to Leon's claim under the Elliott-Larsen Act, this Court held that the "at pleasure" clause in the Federal Reserve Act preempted employment rights created by state law. *Id.* at 931. There being no principled basis on which to distinguish *Leon*, we are obliged to follow its holding. *See* Sixth Circuit Rule 206(c) ( "Reported panel opinions are binding on subsequent panels. Thus, no subsequent panel overrules a published opinion of a previous panel. Court en banc consideration is required to overrule a published opinion of the court."). Thus, we hold that inasmuch as Arrow was an employee of a

Federal Reserve Bank, her rights under Kentucky state law were preempted by federal law.

Additionally, our decision today is supported by our decision in *Wiskotoni v. Michigan National Bank-West*, 716 F.2d 378, 387 (6th Cir. 1983), where we noted our inclination to find that the virtually identical language of the National Bank Act of 1864, 12 U.S.C. § 24, preempted state employment rights. In doing so, this Court observed: "As the Bank noted, § 24 (Fifth) has consistently been construed by both federal and state courts as preempting state law governing employment relations between a national bank and its officers and depriving a national bank of the power to employ its officers other than at pleasure." *Id.* *See also Andrews v. Fed. Home Loan Bank of Atlanta*, 998 F.2d 214, 220 (4th Cir. 1993) (noting that the similar "at pleasure" language contained in the Federal Home Loan Bank Act, 12 U.S.C. § 1432(a), indicated that "Congress intended for federal law to define the discretion which the Bank may exercise in the discharge of employees"); *Bollow v. Fed. Reserve Bank of San Francisco*, 650 F.2d 1093, 1098 (9th Cir. 1981) ("Assuming that Bollow would indeed have been entitled to certain process rights under California law, such law when applied to reserve bank employees conflicts with [the federal statute]. In such circumstances, the federal statute must control.").

Thus, we conclude that the district court properly dismissed Arrow's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because her state employment law claims are preempted and as such she cannot prove any set of facts that would entitle her to legal relief.

Accordingly, we AFFIRM the district court's judgment.