NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0586n.06
Filed: July 11, 2005

No. 04-5645

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

JO DEAN NUCHOLS, et al.,

      Plaintiffs-Appellants,

v.

JAMES BERRONG, and BLOUNT COUNTY, TENNESSEE,

      Defendants-Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

_____/

Before:      MARTIN and ROGERS, Circuit Judges, and McKINLEY, District Judge.[*]

      BOYCE F. MARTIN, JR., Circuit Judge.  The plaintiff, Jo Dean Nuchols, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendants violated her constitutional rights by tape-recording her phone conversations, terminating her employment after she notified Blount County Sheriff James Berrong's wife that he was having an extra-marital affair, and by threatening, in the presence of two other armed officers, to set her dog on fire, burn down her house, and kill her whole family.  Nuchols' complaint alleged various theories of recovery, including substantive due process, equal protection, the First Amendment, and civil conspiracy under 42 U.S.C. § 1985.  The defendants filed a motion to dismiss for failure to state a claim under Federal

_____

[*]The Honorable Joseph H. McKinley, Jr., United States District Judge for the Western District of Kentucky, sitting by designation.

Rule of Civil Procedure 12(b)(6) and the district court granted the motion with regard to all of Nuchols' federal claims, and remanded her state claims to state court. On appeal, Nuchols argues that the district court improperly dismissed her claims under the Due Process Clause for conduct that "shocks the conscience," and under the Due Process Clause state-created-danger theory, and also for civil conspiracy under section 1985.[1]

## I.

Berrong is the Sheriff of Blount County. Nuchols was employed as his secretary. Nuchols was also a friend of Berrong's wife. Nuchols' complaint states that she was aware that Berrong was having an affair with a subordinate female employee, and around May 29, 2002, Berrong's wife asked Nuchols on the telephone whether Berrong and the subordinate female employee had traveled out of town together.

Nuchols' complaint further alleged that the day after the telephone call, Berrong called Nuchols into his office, where two other armed officers were present, and presented her with a taped recording of her conversation with Berrong's wife. Berrong then fired Nuchols, yelling "[y]our ass is fired, you get out of here!" his reason being that, "[y]ou called my wife." Nuchols further alleged that Berrong then threatened to burn her house down, set her dog on fire, and kill everyone in her family. Berrong then repeated the threat again, telling Nuchols that he would not hire someone to do it, but would carry out the threats himself. Chief Deputy Tony Crisp, who was also in the office, then allegedly said to Nuchols, "Jo, this conversation never happened, do you understand me?"

---

[1]Because Nuchols does not assert any error with regard to her claims under the Equal Protection Clause and the First Amendment, we deem them waived.

**II.**

This court reviews a district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) de novo. *Arrow v. Fed. Reserve Bank of St. Louis*, 358 F.3d 392, 393 (6th Cir. 2004). In order to survive a 12(b)(6) motion, the plaintiff's complaint must allege facts, which if proved, would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In reviewing the allegations, this Court "construe[s] the complaint in a light most favorable to the plaintiff, accept[ing] all of the factual allegations as true and determine[s] whether the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Arrow*, 358 F.3d at 393.

A motion to dismiss under Rule 12(b)(6) is disfavored and rarely granted. *Harris v. Am. Postal Workers Union*, 198 F.3d 245 (6th Cir. 1999) (unpublished) (citing *Conley*, 355 U.S. at 45-46); *see also S. Christian Leadership Conference v. Supreme Court*, 252 F.3d 781, 786 (5th Cir. 2001) (stating that dismissals for failure to state a claim under Rule 12(b)(6) are disfavored); *Lone Star Indus., Inc. v. Horman Family Trust*, 960 F.2d 917, 920 (10th Cir. 1992) ("A motion to dismiss for failure to state a claim is viewed with disfavor, and is rarely granted.") (internal quotations omitted); *Hall v. City of Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir. 1986) ("It is axiomatic that '[t]he motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted.'") (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357, at 598 (1969)).

Based on our review of the allegations in the complaint regarding Nuchols' claim that Berrong's conduct shocks the conscience, we are unable to conclude at this point that there are no

facts that, if proven, would entitle Nuchols to relief. We therefore hold that a 12(b)(6) dismissal was premature with regard to this theory of relief.[2]

With regard to Nuchols' state-created danger and civil conspiracy theories, however, we affirm the district court's dismissal of those claims. "Liability under the state-created-danger theory is predicated upon affirmative acts by the state which either create or increase the risk that an individual will be exposed to *private* acts of violence." *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1066 (6th Cir. 1998) (emphasis added) (finding state liability for the release of information regarding the identities of undercover officers investigating drug-related gang activity because of the risk of private acts of violence by those gang members). The Supreme Court case that articulated the state-created-danger theory was *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189 (1989). In *DeShaney*, the Supreme Court held that, while the Due Process Clause generally limits state power and does not impose affirmative obligations on the state, an affirmative duty to protect an individual against private acts of violence may arise under the Due Process Clause where a "special relationship" exists between the state and the private individual. *Id.* at 199-201. In the absence of a special relationship, this Court has required a plaintiff to demonstrate a "special danger." *Kalstrom*, 136 F.3d at 1066.

---

[2]Our holding is limited. We do not imply an answer to the question of whether threats alone, apart from custody, physical contact, or some other additional factor, may amount to a substantive due process violation. *Compare Blaley v. City of Pontiac*, 906 F.2d 220 (6th Cir. 1990), *with Hawkins v. Halloway*, 316 F.3d 777, 787 (8th Cir. 2003). Because a more developed record would be useful in resolving such a difficult issue, we conclude here that the issue should be decided in the context of a summary judgment motion rather than at the pleading stage. In the future, we believe that district courts are capable of differentiating between substantive due process claims that have no merit whatsoever and may properly be disposed of on a 12(b)(6) motion, and closer cases, such as this one, where the record ought to be developed further before rendering judgment.

Nuchols' complaint fails to allege necessary facts to prevail on this theory — that is, Nuchols can prove no set of facts in support of this claim that would entitle her to relief. *Arrow*, 358 F.3d at 393. Under this theory, there must be an affirmative state act *and* independent of that state act there must be an increased risk of private acts of violence — Berrong's threat here cannot serve both roles. Berrong's threat did not create or increase the risk that Nuchols would be exposed to violence from private individuals and is thus, not cognizable. The district court appropriately dismissed this claim pursuant to 12(b)(6).

Nuchols' final claim is one for civil conspiracy pursuant to 42 U.S.C. § 1985(3). This Court has held that:

> To establish a claim under 42 U.S.C. § 1985(3), a plaintiff must prove (1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. Plaintiff must also establish that the conspiracy was motivated by a class-based animus.

*Johnson v. Hills & Dales General Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994). Nuchols' complaint fails to make any allegation that "the conspiracy was motivated by a class-based animus" and therefore is missing a vital component. The district court therefore correctly dismissed this claim.

### III.

For the aforementioned reasons, we AFFIRM in part, REVERSE in part, and REMAND for further proceedings consistent with this opinion.

ROGERS, J., dissenting. I would affirm essentially for the reason given by the district court.