File Name: 08a0134n.06

Filed: March 6, 2008

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 06-6132

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

JO DEAN NUCHOLS, and DAVID NUCHOLS,

     Plaintiffs-Appellants,

v.

JAMES BERRONG, and BLOUNT COUNTY, TENNESSEE,

     Defendants-Appellees.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF TENNESSEE

_____/

Before:     MARTIN and ROGERS, Circuit Judges, and MCKINLEY, District Judge.[*]

BOYCE F. MARTIN, JR., Circuit Judge. In this § 1983 case, Jo Dean Nuchols appeals the

district court's grant of summary judgment in favor of Blount County Sheriff James Berrong and

Blount County. Nuchols alleged that Berrong violated her 14th Amendment rights when he

threatened to set fire to her dog and burn her house down, killing her family in the process. The

district court concluded that Nuchols had not stated a constitutional violation and that Berrong was

otherwise entitled to qualified immunity. We agree and AFFIRM the district court's grant of

summary judgment in favor of Berrong and Blount County.

**I. Background**

_____

[*]The Honorable Joseph H. McKinley, Jr., United States District Judge for the Western
District of Kentucky, sitting by designation.

The facts giving rise to Nuchols's claims against Berrong and Blount County can only be said to be reminiscent of a soap opera. Nuchols's claims arose in the context of Berrong's alleged affair with a Sheriff's Department employee. Apparently, Berrong's wife, Gale, was suspicious about her husband's extra-curricular activities and asked Nuchols, who was Berrong's secretary at the time, to confirm her suspicions. Berrong found out that his wife had talked to Nuchols and called Nuchols into his office. In the presence of two deputies, Berrong told Nuchols that he had an audiotape of Nuchols's conversation with Gale. Berrong then yelled at Nuchols, telling her "your ass is fired, you get out of here!" When Nuchols asked what she had done, Berrong responded that Nuchols had called Gale. When Nuchols asked Berrong whether Gale knew about the tape, Berrong said in an angry manner: "No; if you tell Gale or [your husband] David, I'll burn your house down, set your dog on fire and there won't be a member of your family left, do you understand me?" According to Nuchols, Berrong moved towards her and repeated his threat, adding "I won't hire it done, I will do it myself! Do you understand me?" Nuchols maintains that Berrong was angry and red-faced when he made these threats. Nuchols claims that Berrong's threat landed her in the hospital for treatment of mental and emotional distress, and that she has not recovered.

Nuchols filed suit in district court alleging various constitutional violations. The district court initially dismissed Nuchols's claims pursuant to Rule 12(b)(6). On appeal, a panel of this court affirmed in part and reversed in part. *Nuchols v. Berrong*, 141 Fed. App'x. 451 (6th Cir. 2005). Relevant to the present appeal is this court's decision regarding Nuchols's substantive due process claim. The panel concluded that it was error for the district court to dismiss Nuchols's Fourteenth Amendment claim at the pleading stage, stating that "we are unable to conclude at this point that

there are no set of facts that, if proven, would entitle Nuchols to relief." *Id.* at 453. In a footnote, however, the panel stated that it was not "imply[ing] an answer to the question of whether threats alone, apart from custody, physical contact, or some other additional factor, may amount to a substantive due process violation. . . . Because a more developed record would be useful in resolving such a difficult issue, we conclude here that the issue should be decided in the context of a summary judgment motion rather than at the pleading stage." *Id.* at 453 n.2.

Following the remand from this court, Berrong, individually and in his official capacity, filed a motion for summary judgment arguing that his conduct did not shock the conscience in a constitutional sense and that he was entitled to qualified immunity. Blount County also moved for summary judgment, arguing that Nuchols had failed to establish any policy, usage or custom of Blount County that resulted in the deprivation of her constitutional rights. Nuchols attempted to conduct discovery, but the magistrate judge stayed all discovery until the district court ruled on the pending motions for summary judgment. Nuchols filed an appeal from the magistrate judge's order and moved, pursuant to Rule 56(f), for additional time to complete discovery before responding to the pending summary judgment motions. The district court denied Nuchols's appeal of the magistrate judge's order. Nuchols responded in opposition to both of the pending summary judgment motions and filed her own affidavit alleging additional facts.

The district court granted the defendants' motions for summary judgment on August 18, 2006, and remanded Nuchols's state law claims. The district court concluded that, accepting Nuchols's version of events, Berrong's threats did not rise to a constitutional violation because the threats did not "shock the conscience," as is required for a plaintiff to succeed on a substantive due

process claim. The district court pointed out that it was unable to locate any authority supporting the conclusion that the verbal conduct at issue in this case amounted to a denial of Nuchols's substantive due process rights. The court also concluded that, even assuming a violation of Nuchols's substantive due process rights, Berrong was entitled to qualified immunity because the law was not clearly established at the time of Berrong's conduct. Finally, the Fourteenth Amendment claim against Blount County was dismissed, because where, as here, the County's liability is alleged on the basis of the unconstitutional actions of its employee, it is necessary to show that the employee actually inflicted a constitutional harm. Given the district court's conclusion that no constitutional violation occurred, summary judgment was granted in favor of Blount County.

Nuchols now appeals the district court's grant of summary judgment in favor of Berrong, in both his individual and official capacity. She does not appeal the grant of summary judgment in favor of Blount County.

## II.

### A. Standard of review

The district court's grant of summary judgment is reviewed de novo. *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 933 (6th Cir. 2000). Summary judgment is appropriate only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[t]he mere existence of a scintilla of

evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.

**B. The district court did not violate the mandate of the prior panel when it granted summary judgment**

Because the prior panel's judgment did not prevent a grant of summary judgment, or require that the district court allow discovery, the district court did not violate the mandate rule when it stayed discovery pending a ruling on the defendants' summary judgment motions. According to Nuchols, the mandate rule, which "requires lower court to adhere to the commands of a superior court," required that the district court allow her to conduct discovery because the prior panel "remanded specifically for a record to be developed." However, the "'mandate rule' is a specific application of the 'law of the case' doctrine; as such, a trial court may consider those issues not expressly or impliedly decided by the appellate court or the prior trial court." *Trepel v. Roadway Exp., Inc.*, 40 Fed. App'x 104, 108 (6th Cir. 2002) (citing *Jones v. Lewis*, 957 F.2d 260, 262 (6th Cir. 1992)).

Nothing in the prior panel's decision expressly or impliedly dealt with the issue of qualified immunity because the prior panel's decision dealt only with the dismissal at the pleading stage. It is true that the prior panel noted that a more developed record would be helpful. However, this Court in *McKenzie v. BellSouth Telecomm., Inc.*, 219 F.3d 508, 513 (6th Cir. 2000), affirmed a grant of summary judgment following a reversal of the district court's 12(b)(6) dismissal on similar facts. The court in *McKenzie* stated that its prior "holding on a motion to dismiss does not establish the law of the case for purposes of summary judgment, when the complaint has been supplemented by

discovery." *Id.* Although the *McKenzie* court mentioned that the record had been supplemented by discovery, the only additional evidence in the record in that case consisted of a newspaper article and depositions of the plaintiff and her husband concerning the plaintiff's allegations. *Id.* at 512. Similarly, in the present case, Nuchols filed an affidavit providing additional details regarding the basis for her substantive due process claim — specifically, that Berrong was aware of Nuchols's fear of fire stemming from a house fire that Nuchols survived several years earlier. Thus, the district court had in its possession the information it needed to construe the facts in a light most favorable to Nuchols, including a claim that Berrong intentionally sought to exploit Nuchols's fear of fire.

Nuchols appears to rely on her perception that "it is implicit from this Court's opinion in the prior appeal that, in an egregious case, intentional infliction of emotional distress can be a substantive due process violation cognizable under § 1983," to support her contention that the district court erred in granting summary judgment without additional discovery. However, even assuming Nuchols is correct in her reading of the prior panel's opinion, it does not alter the fact that the district court was free to conclude that this was *not* an egregious case amounting to a constitutional violation. Furthermore, we fail to see how this implied conclusion would compel a district court to permit discovery to proceed when the legal question presented can be answered on the basis of the facts as alleged by the plaintiff. This would appear to be especially true in light of the fact that a district court cannot avoid ruling on a motion for summary judgment based on qualified immunity, especially where the plaintiff has failed to articulate why additional discovery is needed. *See, e.g.*, *Summers v. Leis*, 368 F.3d 881, 886 (6th Cir. 2004).

Finally, Nuchols has never articulated exactly what she hoped to uncover during discovery. *See Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2002) (in the context of Rule 56(f), "[a] plaintiff complaining that the district court granted summary judgment without allowing adequate discovery must be able to show that he could have obtained information through discovery that would disclose material facts. . . . Nebulous assertions that more discovery time would have produced evidence to defeat summary judgment will be unavailing." (citation omitted)). Because Nuchols has failed to show that she would have uncovered material facts through more discovery, the district court did not err in staying discovery pending adjudication of Berrong's motion for summary judgment.

**C. Berrong is entitled to qualified immunity because there was no constitutional violation**

The district court's grant of summary judgment to Berrong and Blount County was correct because Nuchols's allegations do not rise to the level of a constitutional violation. In order to prevail on her § 1983 claim, Nuchols "must establish that a person acting under color of state law deprived [her] of a right secured by the Constitution or laws of the United States." *Waters v. City of Morristown*, 242 F.3d 353, 358-59 (6th Cir. 2001). She also bears the burden of establishing that the defendants are not entitled to qualified immunity. *Smoak v. Hall*, 460 F.3d 768, 778 (6th Cir. 2006).

Nuchols alleges that Berrong's threatening behavior towards her violated her substantive due process rights as secured by the Fourteenth Amendment. The Supreme Court in *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998), repeated that "only the most egregious official conduct can be said to be 'arbitrary in the constitutional sense.'" (quoting *Collins v. Harker Heights*,

503 U.S. 115, 129 (1992)). We find that Berrong's act of threatening Nuchols, while shocking in the general sense, does not shock the conscience in a constitutional sense; the allegations of the single event do not reach the level of a constitutional rights violation. *Accord Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir. 1991) (officers' threats to children did not rise to the level of a constitutional violation). Accordingly, we hold that Nuchols has failed to state a constitutional violation and, thus, her § 1983 claim fails.

Finally, Nuchols's reliance on the Eighth Circuit's decision in *Hawkins v. Holloway*, 316 F.3d 777 (8th Cir. 2003), is misplaced because the sheriff in *Hawkins* had a nasty habit of pointing loaded weapons at his employees, and apparently preferred to point his weapons towards the genital area of male employees. The acts in *Hawkins* may shock the conscience in a constitutional sense, but pointing a loaded weapon at an employee is a far cry from Berrong's threats, which were accompanied by neither an assault nor an immediate threat of harm. This is not to say that verbal threats or harassment cannot be so severe as to shock the conscience and state a constitutional violation, but a one-time, exaggerated threat of harm made in a moment of anger does not rise to the level of a constitutional violation, even if Berrong was aware of Nuchols's fear of fire.

Because Nuchols has failed to establish a constitutional violation, she cannot establish liability against Berrong in his official capacity. *Bukowski v. City of Akron*, 326 F.3d 702, 712-13 (6th Cir. 2003).

## III.

For the foregoing reasons, we AFFIRM the judgment of the district court.