File Name: 11a0274n.06

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 10-3003

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

**FILED**
**Apr 28, 2011**
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DONNY HOWELL,

    Defendant-Appellant.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF OHIO

_____/

Before:    MARTIN, NORRIS, and SILER, Circuit Judges.

BOYCE F. MARTIN, JR., Circuit Judge. Donny Howell appeals the sentence he received after pleading guilty to being a felon in possession of a firearm. Howell argues that the United States improperly refused to move for a one-level reduction in his offense level based on his acceptance of responsibility, rendering his sentence procedurally unreasonable. Additionally, Howell argues that his sentence is substantively unreasonable in light of his difficult upbringing. However, the United States was not required to move for a reduction in offense level because it believed that Howell had not accepted responsibility, and Howell has not rebutted the presumption that his within-Guidelines sentence is substantively reasonable. Therefore, we **AFFIRM** Howell's sentence.

**I.**

Cincinnati police officers saw Donny Howell walking and, knowing that there was an open warrant for his arrest, approached him. Howell, it seems, also knew about the open warrant, and attempted to flee. The officers gave chase. With the officers in hot pursuit, Howell pulled a pistol out of his jacket and attempted to heave it over a metal gate. The pistol did not make it over the gate, and the officers noted the location of the gun, which was never out of their line of sight. Eventually the officers caught up to Howell and placed him under arrest.

While handcuffing Howell, the officers observed Ronald Crawley pick up the gun that Howell had discarded. After a brief chase, officers apprehended Crawley and transported him to jail along with Howell.

Howell did not enter a plea agreement, but pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). Crawley, however, did not plead guilty. Howell voluntarily testified as a witness at Crawley's criminal trial in an effort to show that Crawley was not the one who picked up the gun he had discarded. Howell testified that during his tussle with the officers he saw an unrelated third person who "deviously ran up on the scene," and took the gun. The jury nonetheless convicted Crawley of being a felon in possession of a firearm.

The United States did not appreciate Howell's testimony. It filed a memorandum urging the district court not to credit him with accepting responsibility because, in its view, Howell attempted to obstruct justice by offering false testimony at Crawley's trial. The United States recognized that the court could give Howell a two-point reduction in offense level for accepting responsibility under section 3E1.1(a) of the United States Sentencing Guidelines. But, the United States informed the

court that it would not be moving for an additional, one-level acceptance-of-responsibility reduction pursuant to section 3E1.1(b) of the Guidelines.

The district court had presided over Crawley's trial and saw Howell's testimony. At sentencing, the district court stated in reference to Howell's testimony, "It was incredible. It was literally incredible. Mr. Howell's manner of testifying, his facial expressions, indicated what I considered to be a manifest lack of respect for the law and for the Court." In spite of this, the district court gave Howell a two-level adjustment for acceptance of responsibility under section 3E1.1(a) of the Guidelines.

This reduction left Howell at an offense level of eighteen and criminal history category VI, for which his advisory Guidelines range was four years and nine months to five years and eleven months of imprisonment. The district court imposed a sentence at the top of the Guidelines range—five years and eleven months imprisonment.

## II.

When reviewing a criminal defendant's offense level under the Guidelines, we review the district court's factual findings for clear error and its legal conclusions de novo. *United States v. Petrus*, 588 F.3d 347, 352 (6th Cir. 2009).

Section 3E1.1(a) of the Guidelines allows the district court to reduce a defendant's offense level by two levels if the defendant "clearly demonstrates acceptance of responsibility for his offense." If the defendant meets this requirement, section 3E1.1(b) provides that the United States may move for an additional one-level reduction if the defendant's offense level is sixteen or greater

and the defendant assisted authorities in the investigation or prosecution of his own misconduct.

U.S.S.G. § 3E1.1; *see United States v. Lapsins*, 570 F.3d 758, 767-68 (6th Cir. 2009).

In *Lapsins*, we held that the Guidelines give the United States discretion to file a motion for an additional one-level reduction under section 3E1.1(b) so long as the United States does not act with a constitutionally impermissible motive. *Id.* at 769. The defendant in *Lapsins* had entered a plea agreement but then contested some of the factual findings in the presentence report. *Id.* at 768. At sentencing the United States argued that the defendant should not receive any reduction for having accepted responsibility in light of his objections to the presentence report and use of the word "allegedly" in his sentencing memorandum to describe acts for which he pled guilty. *Id.* The district court, however, disagreed. It believed the defendant had accepted responsibility and granted a two-level reduction in offense level. *Id.* at 769. We affirmed the defendant's sentence, holding that even if the district court awards a two-level reduction pursuant to section 3E1.1(a), the United States may refuse to move for the additional one-level reduction under section 3E1.1(b) if it disagrees with the district court's assessment and believes the defendant has not genuinely accepted responsibility. *Id.* at 770.

Similarly, here, the record reflects that the United States had a good faith belief that Howell had not accepted responsibility based on his incredible testimony at Crawley's trial. Howell argues that *Lapsins* was wrongly decided, but we are powerless to overrule the published decision of another panel. *See Arrow v. Fed. Reserve Bank of St. Louis*, 358 F.3d 392, 393 (6th Cir. 2004). While Howell, unlike the defendant in *Lapsins*, did not contest any of the factual findings in his presentence report, offering highly incredible testimony at trial in an effort to help a friend avoid

conviction in the manner that Howell did is not consistent with having accepted responsibility for his actions. Therefore, because the United States had a valid ground for not moving for an additional one-level reduction, we are bound to follow *Lapsins* and hold that Howell's sentence was procedurally reasonable.

### III.

In selecting a sentence, the district court must consider the factors set forth in section 3553(a) and arrive at a sentence "sufficient, but not greater than necessary, to comply with" those factors. 18 U.S.C. § 3553(a); *United States v. Gunter*, 620 F.3d 642, 647 (6th Cir. 2010). A sentence will be deemed substantively unreasonable if the court "select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors or giv[es] an unreasonable amount of weight to any pertinent factor." *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006) (citations omitted) (alterations in original). We apply a rebuttable presumption of reasonableness to sentences falling within a defendant's properly calculated guidelines range. *United States v. Ruvalcaba*, 627 F.3d 218, 225 (6th Cir. 2010).

Howell argues that his within-Guidelines sentence is unreasonable because of his difficult upbringing. However, the district court considered this factor in selecting Howell's sentence, and this assertion is insufficient to rebut the presumption of reasonableness afforded to his within-Guidelines sentence. Therefore, Howell's sentence is not substantively unreasonable.

### IV.

The United States acted within its discretion when it refused to move for an additional one-level reduction in Howell's offense level for acceptance of responsibility. Therefore, Howell's

sentence is not procedurally unreasonable. Because we also conclude that Howell has not rebutted

the presumption of reasonableness afforded to his within-Guidelines sentence, we **AFFIRM** his

sentence.