KASOLD, Chief Judge,
dissenting:
Stating what is obvious to those reading today’s fractured opinions regarding the application of equity, Judge Hagel presumes that Mrs. Gazaille could demonstrate on remand that VA’s medical negligence hastened her husband’s death, but concludes that the Court is without authority to grant equitable relief with regard to dependency and indemnity compensation (DIC). Judge Greenberg leaves open the door that equitable relief might be warranted but, without addressing the duty to assist, faults Mrs. Gazaille for not presenting such evidence. Combined, they affirm the Board decision.
I agree that equitable relief might be warranted and, taking cognizance of the duty to assist, would remand this matter for development of Mrs. Gazaille’s assertions that VA’s medical negligence hastened her husband’s death. As a practical matter, if Mrs. Gazaille has or can gather evidence to support her assertion of medical malpractice, she might very well find the concurring and dissenting opinions warrant her seeking to reopen her claim. See 38 U.S.C. § 5108 (Secretary shall reopen a claim when “new and material evidence is presented or secured”). Because the Board is without authority to grant equitable relief, however, it is likely that the issue of equitable relief will return to the Court.
Veteran Dennis Gazaille suffered from service-connected lung cancer that ultimately caused his death. Mrs. Gazaille filed a claim for DIC pursuant to 38 U.S.C. §§ 1151 and 1310, but her claim was rejected pursuant to'38 U.S.C. § 1304 because the death of her husband terminated their marriage before they had been married for one year. Succinctly stated, her assertions of medical malpractice were never developed. Before both the Board and the Court, Mrs. Gazaille has maintained that her husband’s death was has *216 tened by VA medical malpractice that prematurely terminated their marriage before their one-year anniversary. Under such circumstances, she argues that the provision in section 1304 that DIC cannot be paid unless the marriage lasted for at least one year should not be applied. If not applied, VA would have to develop her assertion that her husband’s death was premature due to VA medical malpractice. See DeLaRosa v. Peake, 515 F.3d 1319, 1321 (Fed.Cir.2008) (applying 38 U.S.C. § 5103A(a) (duty to assist) to DIC claims).
Accordingly, for purposes of this appeal, Mrs. Gazaille’s assertions of malpractice must be presumed to be true in order to resolve whether the law authorizes benefits in this situation, which would also entitle Mrs. Gazaille to VA assistance in developing her claim. Cf. Arrow v. Fed. Reserve Bank of St. Louis, 358 F.3d 392, 393 (6th Cir.2004) (in considering a motion to dismiss for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6), “[t]he reviewing court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true and determine whether the plaintiff can prove no set of facts in support of his claim that would entitle him to relief’); Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir.1993) (complaint should not be dismissed under Rule 12(b)(6) unless, “as a matter of law, the plaintiff is [not] entitled to legal relief even if everything alleged in the complaint is true”).
There is no dispute that section 1151 authorizes DIC benefits in the same manner as a service-connected death if a veteran’s death is due to VA medical malpractice. There also is no dispute that section 1310 authorizes DIC benefits for service-connected deaths. And, as relevant to this case, there is no dispute that section 1304 precludes the payment of DIC benefits to a surviving spouse unless the marriage lasted at least one year. The issue is whether the Secretary should be equitably estopped from asserting that a marriage was less than one year, when the marriage was terminated due to VA medical malpractice.
It is well settled that equitable estoppel will not be applied against the Government when Congress has not provided at all for such a payment. See Office of Personnel Mgmt. v. Richmond, 496 U.S. 414, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990) [hereinafter OPM], reh’g denied, 497 U.S. 1046, 111 S.Ct. 5, 111 L.Ed.2d 821 (1990). Here, however, although Congress established certain criteria that, when met, preclude payment of DIC benefits, this is not a situation where Congress has not provided at all for the sought-after payment. Otherwise stated, Congress has provided DIC benefits for a veteran’s spouse when the veteran’s death is due to VA medical malpractice or a service-connected injury or disease. See 38 U.S.C. §§ 1151, 1310-1318. Thus, while equitably estopping the Secretary from asserting that the Gaz-ailles’ marriage was less than one year might ultimately permit payment of DIC benefits, the action of equitably estopping the Secretary does not create the sought-after payment; that authorization is in sections 1151 and 1310.
Moreover, although the Government rarely is equitably estopped, even when Congress has authorized a general benefit, such action is not foreclosed. See OPM, 496 U.S. at 423, 110 S.Ct. 2465 (noting that the holding does not preclude an estoppel claim against the Government in every situation); Brush v. Office of Personnel Mgmt., 982 F.2d 1554, 1562 (Fed.Cir.1992) (deeming waived (involuntarily) a statutory requirement to file notice and election for survivor annuity benefits before such benefits may be paid due to agency failure to *217 notify to submit notice and election); Hamilton v. Brown, 4 Vet.App. 528, 544-45 (1993) (en banc) (holding statutory requirement (38 U.S.C. § 5101(a)(1)) for a formal application to be filed in order for benefits to be paid deemed waived (involuntarily) if Secretary did not adhere to his regulation (38 C.F.R. § 3.155(a) (1993)) and provide formal application form after informal claim was filed), aff'd 39 F.3d 1574 (Fed.Cir.1994); see also Channel v. Loyacono, 954 So.2d 415, 425 (Miss.2007) (“Waiver is voluntary surrender or relinquishment of some known right, benefit or advantage; estoppel is the inhibition to assert it.”) (internal quotation marks omitted).[9]
The legal issue before the Court presents one of those rare cases. Otherwise stated, the premature death of a veteran caused by VA medical malpractice warrants equitably estopping the Secretary from asserting that the marriage lasted less than one year for purposes of determining DIC eligibility. Cf. Brush, 982 F.2d at 1562; Hamilton, 4 Vet.App. at 544-45. Indeed, application of the one-year requirement under such circumstances (1) was not contemplated by Congress, (2) would not further the Congressional purpose behind the one-year requirement (which was to preclude benefits for sham marriages),[10] (3) creates conflict with the purposes behind sections 1151 and 1310, and (4) otherwise would be unconscionable. Cf. United States v. Ron Pair Enters., Inc., 489 U.S. 235, 242-43, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (“The plain meaning of legislation should be conclusive, except in the ‘rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.’”) (quoting Griffin v. Oceanic *218 Contractors, Inc., 458 U.S. 564, 571, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982)).
In sum, although equitable estoppel against the Government is rare, if ever it were to apply the premature death of a veteran caused by VA medical malpractice that would otherwise prevent the surviving spouse of a valid marriage from receiving DIC is just such a ease. Because equitable estoppel is warranted in such circumstances, I would remand this matter for the Board to ensure development of Mrs. Gazaille’s assertion that her husband’s death was premature due to VA medical malpractice,[11] See 38 U.S.C. § 7252(a) (Court has the power to “remand the matter, as appropriate”).

. Although Judge Hagel criticizes my citing to Brush and Hamilton, in support of applying equitable estoppel in this case because they did not involve the application of equitable estoppel, I believe he misses the fact that finding an "involuntary waiver” is the equivalent of applying equitable estoppel. Thus, I cite Channel for the proposition that, although waiver and equitable estoppel are different in that one relinquishes a right while the other inhibits the assertion of the right, the key point is that a waiver is voluntary. Thus, finding an involuntary waiver of a requirement to comply with statutory provisions is no different in substance than equitably estopping a party from demanding compliance with those statutory provisions. Thus, I could state that the application of the statutory ban on DIC for a surviving spouse of a marriage less than one year is involuntarily waived if VA medical malpractice causes a premature death before the couple is married for one year, but equitable estoppel is the more proper term.
Further, although Judge Hagel notes that "neither the doctrine of equitable estoppel nor ‘[t]he doctrine of waiver can[ ] be invoked to nullify a mandatory statutory restriction,’ ” it is clear that courts have not imposed statutory mandates when the government is at fault. See, e.g., Brush and Hamilton, each using a doctrine of waiver — indeed, involuntary waiver — to nullify mandatory statutory restrictions that otherwise preclude payment when specified requirements are not met. A duck by any other name is still a duck.
Finally, I note that while Judge Hagel finds no misrepresentation by VA that has been relied upon by Mrs. Gazaille or her husband, the assertions of medical malpractice, if ultimately founded, belie that. Specifically, at a minimum, VA implicitly represented that.it would provide appropriate medical care. If the evidence is developed and medical malpractice is demonstrated, then the Gazailles’ reliance certainly was detrimental to them, both in the premature death of Mr. Gazaille and the denial of DIC.

. See H.R.Rep. No. 85-10575, at 10575-77 (1957); Increase of Pensions for Veterans, and Pensions and Increase of Pensions for Widows Spanish-American War: Hearing on H.R. 2350 and H.R. 2784 Before the H. Comm, on Pensions, 78th Cong. 9, 13, 16, 20 (1943); H.R. Rep.App. No. A5395 (1951). There has been no assertion that the Gazaille’s marriage was a sham, but equitable estoppel would not be warranted if such were demonstrated.

. I reiterate that there has been no demonstration or finding that Mr. Gazaille’s death was hastened by VA medical malpractice or that VA committed medical malpractice at all. Rather, such malpractice is presumed to reach the otherwise elusive issue of whether the one-year marriage requirement of section 1304 applies to prevent the award of DIC to a surviving spouse when the marriage was cut short of one year due to VA medical malpractice. Because I would find that section 1304 does not operate in such circumstances, I would remand for development of the malpractice issue.